# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RENARDA ANN COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV416-193 |
| | ) | |
| ASHLEY PARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Using a generic form complaint and proceeding *pro se*, Renarda Ann Collins has sued the Chatham County, Georgia, Department of Family and Children Services (DFACS) and four individuals (two she identifies as DFACS officials). Doc. 1 at 1-3. She also moves for leave to file her case *in forma pauperis*. Doc. 2. Finding her indigent, the Court **GRANTS** her IFP motion. Doc. 2.

Construing her pleadings liberally[1] the Court is screening her caseunder Fed. R. Civ. P. 8's pleading standards, along with the dismissal

---

[1] As the Eleventh Circuit has explained:

standards set forth in Fed. R. Civ. P. 12(b)(6)), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009).[2] Collins evidently is battling the Chatham County, Georgia Department of Family and Children Services (DFACS) over the care if not custody of her five children. Doc. 1 at 3. She is yet another lay person who believes that federal courts have overarching jurisdiction to correct state agency, if not state court, actions. Regarding adverse DFACS actions,[3] she seeks (in her Complaint's prayer for relief):

---

> *Pro se* pleadings must be liberally construed, though the courts may not serve as de facto counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), as *recognized by Randall v. Scott*, 610 F.3d 701, 705-06 (11th Cir. 2010).

*Sec'y, Fla. Dep't of Corr. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010).

[2] While Collins is not an inmate, the right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915. That statute authorizes *sua sponte* dismissal if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). Such authority "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[3] She relates a largely incomprehensible tale via abbreviations and presupposed reader foreknowledge. A best guess is that DFACS intervened in the care of her

> I would like my voice to be heard and that someone will see that my rights are being violated and that someone will be held accountable and I can be compensated in some way to try [and] repair the damage that has been done.

Doc. 1 at 5.

But Collins cites no legal remedy (*e.g.*, 42 U.S.C. § 1983) and at best advances a series of conclusory, hence insufficient, claims. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) ("At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory.") (quotes, cite and emphasis omitted); *Evans v. Nichols*, 2016 WL 5213945 at * 1 (N.D. Fla. Aug. 19, 2016). The pleading standard set by Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For that matter, this Court cannot interfere with a state court proceeding that has gone to judgment. *Robinson v. The State of Georgia*,

---

children and perhaps took them away from her but granted visitation. Doc. 1 at 3. Visitation has been "sporadic." DFACS has leveled "false allegations against me," which "caused the judge to suspend my visitation with my children." *Id.* at 4. But "records & testimony will prove those charges were *untrue fully*." *Id.* (emphasis original). Collins then details a litany of other proceeding defects. *Id.* at 4-5.

2015 WL 8494001 at *6 (S.D. Ga. Dec. 10, 2015) ("This Court and other federal courts frequently find that the *Rooker-Feldman*[4] doctrine prevents federal courts from hearing claims based on a state court's custody determination or parental rights termination.") (footnote added); *see also Taylor v. Randolph*, 594 F. App'x 578 (11th Cir. 2014) (*Rooker-Feldman* doctrine barred mother's claims against state court judges and employees of sheriff's office and child protection agency, alleging that defendants' decisions in child-custody proceedings and child well-being matters violated her and her child's fundamental rights).

To be sure, federal claims do exist in this realm:

> The Supreme Court has held that, as a component of substantive due process, there is a right to familial relations ensuring that "parents have a constitutionally protected

---

[4] "The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." *McCorvey v. Weaver*, 620 F. App'x 881, 882 (11th Cir. 2015). It applies to cases brought by parties who have lost in state court "complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Daw v. Cowan*, 2013 WL 5838683 at * 5 (N.D. Fla. Oct. 30, 2013) ("[T]o the extent Plaintiff seeks review of any final judgments issued by the state court, including those that terminated her parental rights, this court lacks jurisdiction over the matter."), quoted in *Disanto v. Thomas*, 2016 WL 410030 at * 7 n. 2 (S.D. Ga. Feb. 2, 2016).

liberty interest in the care, custody and management of their children." *Doe v. Kearney*, 329 F.3d 1286, 1293 (11th Cir. 2003) (citing *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)); *see Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (noting that a parent's interest in care, custody and control of their children is perhaps the oldest of the fundamental liberty interests). "Weighing against that relationship, is the State's 'profound interest in the welfare of the child, particularly his or her being sheltered from abuse.'" *Sansbury v. Dep't of Children & Family Servs.*, No. 2:04–cv–509–FtM–99DNF (JES), 2006 WL 4960054, at *7 (M.D.Fla. Nov. 3, 2006) (quoting *Kearney*, 329 F.3d at 1293) (internal quotation marks omitted). The liberty interest in familial privacy "does not include the right to be free from child abuse investigations." [*Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)] (citing *Brown v. Newberger*, 291 F.3d 89, 94 (1st Cir. 2002)). "When analyzing a familial relations claim, a 'balance must be reached between the fundamental right of the family unit and the state's interest in protecting children from abuse . . . .'" *Heck*, 327 F.3d at 520 (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1019 (7th Cir. 2000)).

*Loftus v. Clark-Moore*, 2009 WL 1956319 at *4 (S.D. Fla. July 7, 2009); *see also Ogles v. Buckner*, 2015 WL 4488353 at * 17 (N.D. Ala. July 22, 2015) (for a procedural due process claim, a plaintiff "must show (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.") (quotes and cite omitted).

But Collins has pled nothing close to an actionable claim, and the sheer incoherence of her Complaint indicates it's not likely to be salvaged

5

by re-pleading.[5] Her case therefore should be **DISMISSED.** She is free to try again, within the 14 day "Objection" period provided by Fed. R. Civ. P. 72(b)(2).

**SO REPORTED AND RECOMMENDED,** this __29th__ day of September, 2016.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] "Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015); *Epps v. Hein*, 2016 WL 3208950 at * 4 (S.D. Ga. June 7, 2016); *see also* Fed. R. Civ. P. 15. But given the patently chaotic state of plaintiff's pleadings, the Court has no confidence that second-chance pleadings would bear any actionable fruit. *Smith v. Savannah Metro Police Department*, 2016 WL 4492821 at *4 (S.D. Ga. Aug. 25, 2016).